H. T. Loper, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 10080. Promulgated May 28, 1928.

*Arthur R. Foss, Esq.,* for the petitioner.
*Alva C. Baird, Esq.,* for the respondent.

OPINION.

MARQUETTE: We think that the petitioner and his three children intended to form a partnership about January 1, 1920, for the purpose of managing, conducting and owning the Lyric and Kimbark Theatres. The evidence before us shows that it was talked over between them, and between the petitioner and his attorney; that income-tax returns for the taxable years were filed for the partnership; that the petitioner and also his daughter, and at least one of his sons, filed individual returns for the taxable years showing income received from the partnership; that the bank and film companies were notified of the existence of the partnership; that the sons, instead of receiving for their services salaries from their father, the petitioner, as had been the case prior to 1920, drew against the partnership bank account for their living expenses; that these drafts were charged against their individual shares of the net profits, and that the sons, at least, had authority to bind the partnership by contracts for picture films, and to check against the partnership bank account.

We think this evidence sufficient to show a definite intent and purpose to form the partnership. This intent being present, and subsequently acted upon as it was in this case, is sufficient to create a partnership *inter sese*.

We conclude, therefore, that the respondent is in error in taxing the petitioner as an individual for the entire amount of net income from the Lyric and Kimbark Theatres for the taxable years.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SIEFKIN did not participate.